Sneed, J.,
delivered the opinion of the Court.
■ This action of replevin involves the question whether peddlers of sewing machines, are taxable under the present state of our law. The Code, sec. 553, sub-sec. 43, is in the words following: “All peddlers of sewing machines, or selling by sample, shall pay a tax of ten dollars.”
The general revenue act of 1873, c. 118, s. 46, declares the business of selling sewing machines a taxable privilege, but fails to assess the amount, or to fix the price of the license. The 80th section of said act repeals all prior laws in conflct with it.
*549 The provision of the Code, as cited above, is in no sense in conflict with those of the general revenue act of 1873, c. 118, and they can very well stand together. Both declare the selling of sewing machines taxable, and the one fixes the tax, while the other is silent as to the amount. Not being repugnant, both stand in full force. It is a familiar rule that the right to tax is not to be presumed as relinquished, unless clearly done by the terms of the statute. The act of 1873, s. 22, provides that the Clerks of the County Courts, shall collect all taxes on merchants and privileges, as now provided by law, except in counties where' a privilege tax collector is provided by law. We think, however, we may safely rest the deci ion of this case on the ground already assumed— that both statutes authorize the tax, which the one fixes and the other does not, and not being repugnant both may stand. We hold, therefore, that the business of selling or peddling sewing machines in this State, is a taxable privilege, and the amount thereof is fixed by the section of the Code referred to.
Affirm the judgment.